IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

BRANDY D. KING,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 06-CV-679-FHM

## ORDER

Plaintiff, Brandy D. King, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's July 21, 2003 (protectively filed May 13, 2003), application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held June 9, 2005. By decision dated February 10, 2006, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on October 24, 2006. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 25 years old at the time of the hearing. She has a high school education and formerly worked as a fast food worker, cashier, nurse's aide, correctional officer, and housekeeper. She claims to have been unable to work since January 1, 1999, as a result of seizures, headaches, depression, anxiety, intolerance to chemicals, vision problems and problems with her thyroid and liver. The ALJ determined that Plaintiff is able to lift and/or carry 50 pounds, but must avoid rough, uneven surfaces, unprotected heights, fast and dangerous machinery, bright lights, cathode ray tubes, and can perform no fine vision. Further, she can perform only simple, repetitive and routine tasks. [R. 56].[2] Based on the testimony of a vocational expert, the ALJ determined that Plaintiff is capable of performing her past relevant work as a fast food worker, nurse's aide, and housekeeper. The case was thus decided at step four of the five-step evaluative sequence for determining whether Plaintiff is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: included jobs as past relevant work

---

[2] The Administrative Record is found at docket no. 11.

at step four that did not qualify as substantial gainful activity; failed to consider Plaintiff's borderline intellectual functioning; failed to apply the psychological review technique to assess the functional impact of Plaintiff's mental impairments; and failed to perform a proper credibility determination.  The Court finds that the ALJ's decision must be REVERSED and the case REMANDED because the ALJ failed to document the application of the psychological review technique in the decision as required by the regulations, 20 C.F.R. § 101.1520a(e).

### Psychiatric Review Technique

The pertinent regulations set out in detail the technique to be followed in evaluating mental impairments. 20 C.F.R. § 404.1520a; 416.920a. The ALJ found that Plaintiff had the mental impairments of depression and anxiety. [R. 49]. Consequently, the ALJ was required to employ what is know as the psychiatric review technique and to include in his decision "a specific finding as to the degree of limitation in each of the functional areas" described in 20 C.F.R. § 404.1520a(c).[3] The Commissioner acknowledges that "the ALJ did not carefully signpost his way through this analysis." [Dkt. 13, p. 6]. The Commissioner argues that although the ALJ's decision is "not ideal in construction, it provides sufficient clarity concerning the Agency's findings regarding Plaintiff's mental impairments to allow meaningful review by the Court." *Id.* at pp. 7-8.

The analysis of the evidence provided in the Commissioner's brief does not appear in the ALJ's decision.  "[The] court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v.*

---

[3] The four broad functional areas to be evaluated are: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3).

*Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) see also, *Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir.2004) (holding that district court's post hoc effort to salvage the ALJ's decision would require the court to overstep its institutional role and usurp essential functions committed in the first instance to the administrative process); *Robinson v. Barnhart,* 366 F.3d 1078, 1084-85 (10th Cir.2004) (per curiam) (same); *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943).  Further, contrary to the Commissioner's argument, the failure to provide the regulatory mandated analysis of Plaintiff's mental impairments expressed in terms of the degree of effect on the four functional areas listed in the regulations cannot be characterized as a minimal error or one which constitutes requiring procedural perfection.

The Court finds that the ALJ's failure to document the application of the psychological review technique in the decision as required by the regulations, 20 C.F.R. § 101.1520a(e), requires reversal of the ALJ's decision and remand of the case for further proceedings.  Since issues related to Plaintiff's remaining allegations may arise on remand, they are briefly discussed.

Borderline Intellectual Functioning

A consultative psychological examination was performed wherein the examiner found Plaintiff to be functioning in the borderline range of mental ability with average attention, concentration and memory functions. [R. 271].  Plaintiff argues that the ALJ failed to consider her intellectual functioning.  The Court finds that the ALJ accounted for Plaintiff's intellectual functioning by limiting her to "only simple, repetitive and routine tasks." [R. 56].

### Past Relevant Work

The ALJ found that Plaintiff could return to her past relevant work as a nurse's aide, housekeeper, or fast food worker. [R. 56]. Elsewhere in the decision, the ALJ found that Plaintiff's work as a nurse's aide was an unsuccessful work attempt. [R. 48]. He further noted that her current work as a housekeeper might not last. *Id.* Plaintiff argues that these jobs do not constitute past relevant work to support the step 4 finding. Plaintiff also asserts that her limitations preclude performance of the job of a fast food worker.

The Commissioner acknowledges that the ALJ's finding that Plaintiff's jobs as a nurse's aide and housekeeper were not performed at the substantial gainful activity level precluded a finding that she could return to those jobs. The Commissioner argues no such problem exists for the job of fast food worker. The Commissioner further argues that the vocational expert's testimony supports the finding that Plaintiff could perform her past work as a fast food worker.

The issues raised by the ALJ's treatment of Plaintiff's past relevant work can be addressed on remand.

### Listings Analysis

Except for the failure to document the analysis required by the psychiatric review technique previously discussed, the Court finds that the ALJ's analysis of the Listings of Impairments was adequate.

The Listings describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity. 20 C.F.R. Pt. 404, Subpt. P, App.1. It is well established that *all* of the specified medical criteria must be matched to meet a listing. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct.

885, 891, 107 L.Ed.2d 967 (1988). It is Plaintiff's burden to show that his or her impairment is equivalent to a Listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). In addition, the determination whether an impairment meets Listing criteria is based solely on medical findings. *Kemp v. Bowen,* 816 F.2d 1469, 1473 (10th Cir. 1987); 20 C.F.R. §§ 416.925-26. At step three of the sequential analysis, the ALJ is required to discuss the evidence and the reasons for determining that Plaintiff is not disabled at step three. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Tenth Circuit has rejected a construction of *Clifton* that would lead to unwarranted remands which would needlessly prolong the administrative proceedings. *Fischer-Ross v. Barnhart,* 431 F.3d 729, 930 (10th Cir. 2005). Therefore it is not necessary to reverse a case for step three analysis where the ALJ provides a full discussion of the medical record in terms that provide a basis for rejection of the Listing.

Plaintiff argues that the ALJ failed to perform a proper step three analysis. Plaintiff complains that the ALJ did not discuss whether she meets the Listings for epilepsy However, considering the record as a whole, the citations Plaintiff provided do not demonstrate that the evidence would support a finding of disability under the criteria of that Listing. It is well established that it is Plaintiff's burden to show that her impairment is equivalent to a Listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Further, the ALJ's through discussion of Plaintiff's medical records demonstrate that she did not meet the frequency requirements of the Listing pertaining to epilepsy.

6

Credibility Analysis

The Court finds that the ALJ provided a thorough explanation of his credibility finding. Within the ALJ's discussion of the medical evidence, the ALJ pointed to numerous inconsistent statements made by Plaintiff to her medical providers. The ALJ also fully outlined Plaintiff's testimony concerning her daily activities. "Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990). The ALJ's credibility determinations "warrant particular deference" because "[t]he ALJ enjoys an institutional advantage in making the type of determination at issue here. Not only does an ALJ see far more social security cases than do appellate judges, he or she is uniquely able to observe the demeanor ... of the claimant in a direct and unmediated fashion." *White v. Barnhart,* 287 F.3d 903, 910 (10th Cir.2001). The Court finds that the ALJ's credibility determination is grounded in the evidence and articulated in the decision, as required by Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4; *see also Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." (internal quotation marks omitted)).

## Conclusion

For the reasons expressed, the Court holds that the case must be REVERSED and REMANDED for further proceedings.

SO ORDERED this 7th day of February, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE